FORM B104 (08/07) 2007 USBC, Central District of California

# ADVERSARY PROCEEDING COVER SHEET
(Instructions on Page 2)

**ADVERSARY PROCEEDING NUMBER**
(Court Use Only)

| PLAINTIFFS | DEFENDANTS |
|---|---|
| PETER EMANUEL KVASSAY | Robert V. Kvassay, Trustee of the Kvassay Family Trust dated February 26, 1993; Russakow, Greene & Tan LLP |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>TROY A. STEWART (Law Offices)<br>P.O. Box 390<br>Glendale, California 91209-0390 (626) 616-9474 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☑ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Complaint for Violation of Automatic Stay and Conditional Order Granting Relief from Stay (11 U.S.C. sections 362(a)(1) and (a)(6))

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
[1] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| | |
|---|---|
| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand $ 87,500.00 |

Other Relief Sought
Monetary Relief under 11 U.S.C. section 362(k)(1)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>PETER EMANUEL KVASSAY | | BANKRUPTCY CASE NO.<br>2:12-BK-40267 |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District | DIVISIONAL OFFICE<br>Los Angeles | NAME OF JUDGE<br>Peter H. Carroll |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>Troy A. Stewart | | |
| DATE<br>8/20/13 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>TROY A. STEWART | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| TROY A. STEWART, SBN 135764<br>P.O. Box 390<br>Glendale, California 91209-0390<br>(626) 616-9474<br>stewart1985@lawnet.ucla.edu<br><br>*Attorney for Plaintiff* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>PETER EMANUEL KVASSAY<br><br>Debtor(s). | CASE NO.: 2:12-bk-40267-PC<br><br>CHAPTER: 7<br><br>ADVERSARY NUMBER: |
| PETER EMANUEL KVASSAY<br><br>Plaintiff(s)<br>Versus<br><br>ROBERT V. KVASSAY, TRUSTEE OF THE KVASSAY FAMILY TRUST DATED FEBRUARY 26, 1993; RUSSAKOW, GREENE & TAN, LLP.<br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page. The deadline to file and serve a written response is _____________. If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| | |
|---|---|
| **Hearing Date:** _____________<br>**Time:** ________<br>**Courtroom:** ________ | **Place:**<br>☐ 255 East Temple Street, Los Angeles, CA 90012<br>☐ 3420 Twelfth Street, Riverside, CA 92501<br>☐ 411 West Fourth Street, Santa Ana, CA 92701<br>☐ 1415 State Street, Santa Barbara, CA 93101<br>☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367 |

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS. REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

**KATHLEEN J. CAMPBELL**
**CLERK OF COURT**

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: ______________

By: ________________________________________
Deputy Clerk

TROY A. STEWART, SBN 135764
P.O. Box 390
Glendale, California 91209-0390
Telephone: (626) 616-9474
Email: stewart1985@lawnet.ucla.edu

Attorney for Debtor and Plaintiff
PETER EMANUEL KVASSAY

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re<br><br>PETER EMANUEL KVASSAY,<br><br>Debtor.<br>_______________<br><br>PETER EMANUEL KVASSAY,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT V. KVASSAY, TRUSTEE OF THE KVASSAY FAMILY TRUST DATED FEBRUARY 26, 1993; RUSSAKOW, GREENE & TAN, LLP.<br><br>Defendants. | **Case No.: 2:12-bk-40267-PC**<br><br>**Chapter 7**<br><br>**Adversary No.**<br><br>**COMPLAINT FOR VIOLATION OF AUTOMATIC STAY AND CONDITIONAL ORDER GRANTING RELIEF FROM STAY (11 U.S.C. §§ 362(a)(1) and (a)(6)) SEEKING MONETARY RELIEF UNDER 11 U.S.C. § 362(k)(1)** |

Plaintiff PETER EMANUEL KVASSAY complains and alleges as follows:

## I. PARTIES AND JURISDICTION

1. Plaintiff is PETER EMANUEL KVASSAY ("plaintiff"). At all times alleged herein, plaintiff was a resident of the County of Los Angeles, California and the debtor in bankruptcy case no. 2:12-bk-40267-PC.

2. Plaintiff as the debtor in bankruptcy case no. 2:12-bk-40267-PC filed for relief pursuant to Chapter 7 of the United States Bankruptcy Code on September 5, 2012 (the "case").

3. Defendant ROBERT V. KVASSAY is sued in his capacity as Trustee of the Kvassay Family Trust dated February 26, 1993 ("ROBERT"). The Kvassay Family Trust dated February 26, 1993 is hereafter referred to as the "Trust." At all times alleged herein, ROBERT administered the Trust in the County of Los Angeles, California. At all times alleged herein, plaintiff had a beneficial interest in the Trust.

4. Defendant RUSSAKOW, GREENE & TAN, LLP is a law firm practicing law and conducting business in the County of Los Angeles, California ("RUSSAKOW, GREENE"). At all times alleged herein, RUSSAKOW, GREENE acted as attorneys of record for ROBERT.

5. This adversary proceeding arises out of the case and is brought by plaintiff for relief pursuant to 11 U.S.C. §§ 362(k)(1). This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334, 11 U.S.C. § 362, and FRBP 7001(1). This adversary case is a core proceeding under 28 U.S.C. § 157 and venue is proper under 28 U.S.C. §§ 1408 and 1409.

## II. FACTUAL ALLEGATIONS

6. On May 7, 2010, ROBERT filed a probate petition in Los Angeles County Superior Court, case no. BP122477, seeking various relief under Probate Code §§ 17200 and 850 (the "probate petition" and "probate action," respectively). Among the claims alleged in the probate petition were claims to (1) evict plaintiff from real property owned by the Trust, and (2) "offset" plaintiff's "distributive share" in the Trust. Paragraphs 29 through 32 of the probate petition allege that: (1) pursuant to California Probate § 850, ROBERT has a $1.5 million claim against plaintiff based on an alleged fraudulent loan obtained by plaintiff that "was secured by Trust property;" and (2) pursuant to California Probate § 859, plaintiff may be liable for "**twice the value** of the property recovered [in the probate] action [emphasis original]." Paragraph 33 of the probate petition alleges that:

> "The trustee requests that Peter's distributive share be offset in excess of $1,500,000.00 plus attorney's fees and costs based on his malfeasance acts, including fraud against the estate and his willful acts to thwart completion of construction, list the property for sale, and distribute the assets. If the $1,500,000 amount exceeds his entire distributive share, the Trustee requests that Peter be personally liable for the remaining amount that he fraudulently obtained [the 'probate petition']."

The prayer in the probate petition requests the probate court to "charge twice the value of property recovered against Peter Kvassay in punitive damages" and "offset Peter Kvassay's distributive share

of the estate for $1,500,000 and deem him personally liable for an amount in excess of his full distributive share…[the '*probate claim*']."

7. On August 18, 2010, the probate court filed a minute order evicting plaintiff and his brother Richard Stephen Kvassay ("RICHARD") from real property owned by the Trust (the "eviction order"). On September 22, 2010, plaintiff and RICHARD filed a notice of appeal of the eviction order (the "appeal'). On October 7, 2010, a third party posted a cash deposit of $216,000 made in lieu of an appeal bond on behalf of plaintiff and RICHARD that stayed enforcement of the eviction order pending the appeal (the "appeal bond"). The appeal bond gave plaintiff and RICHARD the right to reside at the real property owned by the Trust pending the appeal of the eviction order.

8. On October 13, 2010, ROBERT, represented by RUSSAKOW, GREENE, filed a "First Accounting and Petition for Settlement of Account and Approval of Trustee Fees [and] Request for Attorney's Fees" in the probate action (the "First Account petition"). The First Account petition is a petition separate and apart from the probate petition. The First Account petition sought court approval of, among other things, a contractual claim of $221,000.00 by ROBERT against plaintiff and RICHARD for the purported agreed upon value of labor ROBERT purportedly performed as trustee of the Trust (the "*contract claim*"). According to the First Account petition, the *contract claim* was purportedly incurred from January 12, 2007, through August 31, 2010.

9. On September 5, 2012, plaintiff filed a Chapter 7 petition. On the same day, September 5, 2012, plaintiff was scheduled to appear as a party at an evidentiary hearing in the

probate court in Los Angeles County Superior Court case BP 122477 (the "evidentiary hearing"). The evidentiary hearing was scheduled on the basis of a so-called "Motion to Release Bond to Petitioner" filed by ROBERT on June 26, 2012, and served on plaintiff and RICHARD on June 28, 2012, in which ROBERT sought an order "releasing" the appeal bond (the "*bond motion*"). The *bond motion* did *not* name any parties against whom any relief was sought.

10. At the outset of the evidentiary hearing, plaintiff's counsel gave the probate court and RUSSAKOW, GREENE written and oral notice of plaintiff's Chapter 7 bankruptcy filing, including a copy of the written notice of plaintiff's bankruptcy filing issued by the bankruptcy court clerk. Plaintiff's counsel's written notice of plaintiff's Chapter 7 case given to the probate court and RUSSAKOW, GREENE prior to the evidentiary hearing stated in pertinent part as follows:

> "[¶] Respondent[ ] PETER E. KVASSAY … hereby give[s] notice that [his] … Chapter 7 bankruptcy proceeding[ ] precludes any *state court action* to enforce any pre-petition bankruptcy claim against … [him]. The claim[ ] presently being asserted against respondent[ ] on an appeal bond[1] [is a] pre-petition bankruptcy claim[ ], as defined in 11 U.S.C. § 101(5), because the claim[ ] arose no later than October 7, 2010, the date on which the appeal bond was posted, which date was prior to the date on which … respondent filed his presently pending Chapter 7 bankruptcy proceeding. Consequently … debtor's Chapter 7 bankruptcy proceeding precludes any *state court action* to enforce any

---

[1] The appeal bond stayed enforcement of an order filed by the Probate Court on August 18, 2010.

> claim against … respondent on the appeal bond. Any *state court action* to enforce any pre-petition bankruptcy claim against … respondent on the appeal bond interferes with the jurisdiction of the bankruptcy court to order a discharge of pre-petition bankruptcy claims asserted against … respondent.
>
> "[¶] … respondent hereby gives notice that if any *state court action* is taken against him to enforce any claim against him on the appeal bond, respondent will immediately seek the protection of the bankruptcy court in precluding any *state court action* to enforce any pre-petition bankruptcy claim against him on the appeal bond [the 'bankruptcy notice']."

In response to the bankruptcy notice, RUSSAKOW, GREENE stated on the record that, "What we've been handed is an unconfirmed, noncertified [sic] document." On September 5, 2012, the probate court held the evidentiary hearing based on the *bond motion* at which ROBERT presented and the probate court considered evidence of plaintiff's use and occupancy of real property owned by the Trust. Plaintiff, on the advice of counsel, did *not* appear at the evidentiary hearing.

11. At the conclusion of the evidentiary hearing the probate court acknowledged that plaintiff's bankruptcy petition had been filed prior to the evidentiary hearing and advised the parties that it would defer its ruling on the *bond motion* pending the status of any effort by ROBERT to obtain relief from plaintiff's bankruptcy stay. The probate court advised the parties that it would

keep possession of the parties' exhibits "pending [its] ruling."

12. On September 28, 2012, ROBERT, represented by RUSSAKOW, GREENE, filed a motion for relief from the automatic stay of 11 U.S.C. § 362 (the "stay") in which he sought relief from the stay to proceed against plaintiff in the probate action and Los Angeles County Superior Court case BC 473480 (the "civil action") (the "motion for relief from stay"). The civil action was filed on November 16, 2011. The motion for relief from stay sought an order "[a]llowing Movant to proceed under applicable non-bankruptcy law to enforce its remedies to proceed to final judgment in the non-bankruptcy forum, provided that the stay remains in effect with respect to enforcement of any judgment against Debtor(s) or estate property." According to a declaration attached to the motion for relief from stay signed by ROBERT, the "causes of action pleaded in the non-bankruptcy forum" were "[1] Specific Power to Evict Tenant from Trust Property; [2] To Determine Working Plan Has No Legal Bearing; [3] To Determine Ownership of Trust Property; and [4] Request to Offset Distributive Share (BP 122477); Complaint 1-7 (BC473480)." In support of the motion for relief from stay, RUSSAKOW, GREENE attached a declaration in which it acknowledged that it had been served with notice of plaintiff's bankruptcy prior to the evidentiary hearing and the probate court "held the evidentiary hearing and took testimony" on September 5, 2012. The probate petition was attached as "Exhibit A" to the motion for relief from stay.

13. On October 17, 2012, plaintiff filed an opposition to the motion for relief from stay. The Chapter 7 trustee, Timothy Yoo (the "bankruptcy trustee"), did *not* oppose the motion.

14. On October 24, 2012, ROBERT represented by RUSSAKOW, GREENE filed a reply

to plaintiff's opposition to the motion for relief from stay in which RUSSAKOW, GREENE again acknowledged that plaintiff filed his bankruptcy petition on September 5, 2012, prior to the evidentiary hearing and "the probate Court proceeded with the evidentiary hearing, but withheld on its ruling until there is a relief from the bankruptcy stay."

15. On November 1, 2012, the Court considered ROBERT'S motion for relief from stay and ordered the stay was lifted on the following conditions: (1) ROBERT join the bankruptcy trustee as the real party in interest in case BP 122477 and case BC 473480; and (2) ROBERT *not* take any action to enforce any state court judgment without a further order of the court.

16. On November 1, 2012, shortly after the hearing in this Court on ROBERT'S motion for relief from stay, the probate court held a status conference concerning the status of ROBERT'S effort to obtain an order lifting the stay in plaintiff's bankruptcy case. RUSSAKOW, GREENE advised the probate court that this Court had granted relief from the stay based on two conditions:

> "[1] the bankruptcy trustee be joined as a party to both the BP and BC cases and, [2], that no enforcement of any orders against the debtors, well, the debtor in this case, may go forward without further relief from stay."

RUSSAKOW, GREENE clarified its understanding of this Court's conditional order granting relief from stay by stating, "money judgments against debtor Peter Kvassay, we cannot take any enforcement action of those orders pending further relief from the stay from the bankruptcy court."

17. At the status conference on November 1, 2012, plaintiff's counsel advised the probate court and RUSSAKOW, GREENE that the evidentiary hearing had been held in violation of the bankruptcy stay "because the bankruptcy trustee, as the real party in interest, did not have an opportunity to appear in that action and act on behalf of the debtor." Conversely, RUSSAKOW, GREENE advised the probate court that "there was no stay in effect because no proper notice of the bankruptcy had been served" and that plaintiff's counsel's notice of plaintiff's bankruptcy filing on September 5, 2012, was "oral lip service." RUSSAKOW, GREENE further advised the probate court that, "[i]t was an unconformed [sic] copy of a document that we received. So there was no violation." Finally, RUSSAKOW, GREENE advised the probate court that any argument concerning a violation of the stay was "completely up to the bankruptcy trustee to make that argument." The probate court advised the parties that:

> "what I'm happy to do is continue the matter for the trustee to be joined. If the trustee would like to take additional -- present any additional evidence or take any additional testimony, I'll give him that opportunity and then I'm prepared to rule and that way he's not precluded, although I do understand procedurally what you're saying, that the notice wasn't good and that the stay perhaps wasn't in effect. But I'd rather cure any defect to address that and give you a chance to be heard if you would like to be."

18. On November 16, 2012, this Court entered the order granting relief from stay in which it ordered that ROBERT "may proceed in the non-bankruptcy forum to final judgment (including any

appeals) in accordance with applicable non-bankruptcy law." The order granting relief from stay states that the stay is terminated "subject to conditions set forth below" and that "The court conditions this relief from stay on movant's compliance with the following:

> "1. The movant is to join the bankruptcy trustee as the real party in interest in both state court proceedings; and
>
> "2. The movant may not take any action to enforce any state court judgment without further order of the court [the 'conditional order granting relief from stay']."

19. On December 4, 2012, ROBERT, represented by RUSSAKOW, GREENE, filed a "Notice of Motion for Joinder of the Bankruptcy Trustee for Peter Kvassay" in the probate court (the "joinder motion"). In the joinder motion ROBERT sought an "order joining Peter Kvassay's bankruptcy trustee, Timothy Yoo … as a real party in interest … on the grounds that: (1) On November 1, 2012, the Bankruptcy Court ordered that Peter Kvassay's bankruptcy trustee be joined as a real party in interest … and (2) Peter Kvassay's bankruptcy trustee is, therefore, an indispensable and necessary party since the Trust is listed as an asset of the Bankruptcy Estate [the 'joinder motion']." In the joinder motion ROBERT asserted that:

> "At the November 1, 2012 hearing of Robert's Motion for Relief from Stay, *the Bankruptcy Court granted relief from stay, effective immediately*, but imposed two conditions: (1) Robert must join the

> Bankruptcy Trustee as a party to this action; and (2) Robert must not take enforcement actions without further order of the bankruptcy court [*italics* added]."

In the joinder motion ROBERT also asserted that "the Bankruptcy Court on November 1, 2012 ordered that Robert join Peter's bankruptcy trustee as a party to ensure that Peter's bankruptcy estate was represented in these proceedings …" and that "as the Bankruptcy Court has already determined, Peter's bankruptcy trustee should be joined as a party since the trustee would have authority over Peter's interest, if any, in the Trust."

20. On December 10, 2012, ROBERT filed a declaration prepared by RUSSAKOW, GREENE and signed by the bankruptcy trustee, dated December 10, 2012, in which the bankruptcy trustee states in pertinent part, "I do not object to the joinder requested herein" and,

> "… I have no intention of making a claim to the bond monies at issue herein, *nor are there any pending proceedings in this matter which I foresee participating in, including the pending trial. I do not object to the Superior Court continuing its proceeding in my absence* [*italics* added] [the 'trustee's declaration']."

21. On December 12, 2012, the probate court held a status conference at which RUSSAKOW, GREENE presented the trustee's declaration to the court and represented to the court that the bankruptcy court had granted relief from the stay effective as of the time of the hearing on

ROBERT'S motion for relief from stay on November 1, 2012. RUSSAKOW, GREENE advised the probate court that,

> "what the bankruptcy court had ordered was that *the stay was lifted immediately* but put two conditions on it. *The court did not require that we have those conditions in place before lifting the stay. It was immediate* [*italics* added]."

Plaintiff's counsel advised the probate court that compliance with the conditional order granting relief from stay required more than a declaration signed by the bankruptcy trustee stating that the trustee had "no interest in appearing as the real party in interest on behalf of the debtor." The probate court advised the parties that,

> "*Mr. Greene is here saying, 'we don't have any conditions that have to be met. The stay has been lifted, and we can proceed,' and I'm going to accept his representation* [*italics* added]."

RUSSAKOW, GREENE further advised the probate court that the trustee's declaration was filed in relation to this Court's conditional order granting relief from stay concerning the joinder of the bankruptcy trustee. The probate court advised the parties that "the court is ordering the release of those funds and making a judgment against those funds in the amount of $192,660 jointly and severally against Richard S. Kvassay and Peter E. Kvassay."

22. On December 12, 2012, the probate court filed a minute order based on the evidentiary hearing held on September 5, 2012, that states in pertinent part:

> "[¶] Judgment is entered in the amount of $192,660.00, joint and severally against Richard S. Kvassay and Peter E. Kvassay.
>
> "[¶] As to the balance of funds, there shall be no further funds released pending the outcome of the Bankruptcy or further court order [the '*judgment against plaintiff*']."

23. On December 21, 2012, plaintiff's case was closed without entry of discharge because plaintiff had *not* filed Official Form 23 (Chapter 7 debtor certification of completion of instructional course concerning personal financial management) ("form 23").

24. On December 28, 2012, plaintiff filed a motion to reopen his case to file form 23 concurrently with his form 23.

25. On January 4, 2013, the probate court held a hearing at which it granted the joinder motion.

26. On January 8, 2013, the Court filed its order reopening plaintiff's case so that plaintiff could file his form 23 (the "order reopening case"). On January 8, 2013, the Court ordered that "debtor is granted a discharge under [11 U.S.C. § 727]." On January 8, 2013, RUSSAKOW,

GREENE received electronic notice of the order reopening case *and* plaintiff's discharge. On January 10, 2013, the Court mailed ROBERT and RUSSAKOW, GREENE notice of plaintiff's discharge.

27. On January 8, 2013, plaintiff and RICHARD filed a civil action in the Los Angeles County Superior Court seeking to set aside the judgment (case BC 498669). Plaintiff's civil action to set aside the judgment is presently pending.

28. On January 11, 2013, the probate court signed and filed an order granting the joinder motion.

29. On January 16, 2013, the probate court, on the basis of a proposed order submitted by RUSSAKOW, GREENE on January 11, 2013, signed and filed a document entitled "Order Re. Release Of Bond" that enforced the *judgment against plaintiff* (the "*first bond order*"). The *first bond order* states in pertinent part:

> "the Court finds that the fair value for use and occupancy of the trust estate property where Peter and Richard resided is $15,000 per month, less $4,600 per month for rents received, for 19½ month less 5% for diminished use and occupancy of the property, for a total due, jointly and several from Peter and Richard to Robert, as trustee of the Kvassay family trust, of $192,660[.] The balance of the bond is to be held for determination by the United States Bankruptcy Court where both Peter

and Richard have pending cases[.]"

30. On January 24, 2013, the probate court, on the basis of an *ex parte* order submitted by RUSSAKOW, GREENE on January 24, 2013, signed and filed a document entitled "First Amended Order Re. Release Of Bond" that enforced the *judgment against plaintiff* (the "*amended bond order*"). The *amended bond order* states in pertinent part:

> "the Court finds that the fair value for use and occupancy of the trust estate property where Peter and Richard resided is $15,000 per month, less $4,600 per month for rents received, for 19½ month less 5% for diminished use and occupancy of the property, for a total due, jointly and several from Peter and Richard to Robert, as trustee of the Kvassay family trust, of $192,660. The balance of the bond is to be held for determination by the United States Bankruptcy Court where both Peter Peter and Richard have pending cases.

> "[¶] WHEREFORE, the Court Orders that the Clerk of the Los Angeles Superior Court, located at 111 N. Hill Street, Rm 119-A, Los Angeles, CA 90012, pay from the bond of Peter Kvassay and Richard Kvassay on deposit with the Court, to:

> Robert Kvassay
> Trustee of the Kvassay Family Trust Dated February 26, 1993
> c/o Russakow, Greene & Tan, LLP
> 800 E. Colorado Blvd., Suite 210
> Pasadena, CA 91101

IT IS SO ORDERED."

31. On January 29, 2013, plaintiff and RICHARD filed a Petition for Peremptory Writ of Prohibition and/or Writ of Mandate in the California Court Appeal to vacate the *first bond order* and the *amended bond order* (case no. B246442) (the "writ").

32. Plaintiff is informed and believes and based thereon alleges that on January 29, 2013, ROBERT and RUSSAKOW, GREENE took possession of $192,660.00 of the $216,000 appeal bond from the clerk of the Los Angeles County Superior Court (the "clerk") by executing the *amended bond order*.

33. On January 29, 2013, plaintiff's case was closed.

34. On February 6, 2013, plaintiff and RICHARD filed a notice of appeal in the California Court of Appeal to appeal the *judgment against debtor*, *first bond order*, and *amended bond order* (case no. B246941) (the "appeal"). On February 8, 2013, the California Court of Appeal denied the writ. The appeal is presently pending.

35. From January 22, 2013, through May 23, 2013, the probate court conducted a trial at which ROBERT, represented by RUSSAKOW, GREENE, presented extensive evidence in support of the *probate claim* (the "probate trial"). As part of his evidence presented at the probate trial in support of the *probate claim*, ROBERT compelled plaintiff to testify on February 6, 2013, on the basis of a notice to appear at trial served on plaintiff by RUSSAKOW, GREENE. On May 23, 2013,

RUSSAKOW, GREENE, acting on behalf of ROBERT, presented a document at the probate trial entitled "Closing Summary," dated May 22, 2013, in which ROBERT asserted a claim against plaintiff in the amount of $3,531,973.20 (the "*probate trial claim*").

36. On May 28, 2013, the Court entered an order reopening plaintiff's case.

37. Plaintiff is informed and believes and based thereon alleges that on June 20, 2013, the probate court entered a tentative minute order that addresses the *probate claim*, *probate trial claim*, and *contract claim* (the "tentative minute order"). Plaintiff is informed and believes and based thereon alleges that on July 24, 2013, and July 25, 2013, the probate court entered minute orders that affect the tentative minute order (the "July, 2013 minute orders"). Plaintiff hereinafter refers to any final order, including the tentative minute order or July, 2013 minute orders, *or* judgment, respectively, entered by the probate court that purports to diminish plaintiff's beneficial interest in the Trust on the basis of the *probate claim* and/or *probate trial claim* and/or *contract claim* as the "*judgment diminishing plaintiff's beneficial interest in the Trust.*"

38. From September 5, 2012, to date, plaintiff has incurred attorneys' fees and costs of more than $87,500.00 in defending against the *bond motion*, *judgment against debtor*, *first bond order*, *amended bond order*, *probate claim*, *probate trial claim*, and *contract claim*.

/

/

/

## III. CAUSES OF ACTION

### Cause of Action for Relief for Willful Violation of Automatic Stay
### Pursuant to 11 U.S.C. § 362(k)(1)
### Against ROBERT and RUSSAKOW, GREENE

39. Plaintiff incorporates and re-alleges paragraphs 1 through 38 as if fully alleged herein.

40. Pursuant to 11 U.S.C. § 362(a), a petition filed under section 301, 302, or 303 "operates as a stay, applicable to all entities, of—

> (1) the commencement or continuation … of a judicial … proceeding against the debtor … to recover a *claim against the debtor that arose before the commencement of the case under this title …*
>
> (6) any act to collect, assess, or recover a *claim against the debtor that arose before commencement of the case under this title* [*italics* added]."

The probate action in which ROBERT alleged the *probate claim* was filed on ***May 7, 2010***. The *bond motion* underlying the *judgment against plaintiff*, *first bond order*, and *amended bond order* was filed on ***June 26, 2012***. According to the allegations of the probate petition, the *probate trial claim* is based on purported facts that occurred "***[o]n July 9, 2007," through "[i]n around mid-2009***." The *contract claim* is based on the purported agreed upon value of labor ROBERT purportedly performed as trustee of the Trust ***from January 12, 2007, through August 31, 2010***. The

*judgment diminishing plaintiff's beneficial interest in the Trust* is based on the *probate claim* and/or *probate trial claim* and/or *contract claim*. Plaintiff filed his Chapter 7 bankruptcy petition on ***September 5, 2012***. Thus, pursuant to 11 U.S.C. §§ 362(a)(1) and (a)(6), the *bond motion*, *judgment against debtor*, *first bond order*, *amended bond order*, *probate claim*, *probate trial claim*, *contract claim*, and *judgment diminishing plaintiff's beneficial interest in the Trust* arose before plaintiff commenced his case on ***September 5, 2012***.

41. The automatic stay provisions of 11 U.S.C. §§ 362(a)(1) and (a)(6) were in effect from September 5, 2012, through December 20, 2012. The conditional order granting relief from stay requiring ROBERT to "join the bankruptcy trustee as the real party in interest in [the probate action and the civil action]" and "not take any action to enforce any state court judgment without further order of the court" was in effect from November 1, 2012, through December 20, 2012.

42. From September 5, 2012, through December 20, 2012, ROBERT did *not* obtain relief from the automatic stay provisions of 11 U.S.C. §§ 362(a)(1) and (a)(6). From November 1, 2012, through December 20, 2012, ROBERT did *not* join the bankruptcy trustee as the real party in interest in the probate action or civil action *or* obtain an order from the bankruptcy court to enforce any state court judgment.

43. Since September 5, 2012, ROBERT, represented by RUSSAKOW, GREENE, has pursued the *bond motion*, *judgment against debtor*, *first bond order*, *amended bond order*, *probate claim*, *probate trial claim*, *contract claim*, and *judgment diminishing plaintiff's beneficial interest in the Trust*. ROBERT and/or RUSSAKOW, GREENE did *not* obtain relief from the automatic stay

provisions of 11 U.S.C. §§ 362(a)(1) and (a)(6) or conditional order granting relief from stay to pursue the *bond motion*, *judgment against debtor*, *first bond order*, *amended bond order*, *probate claim*, *probate trial claim*, *contract claim*, and *judgment diminishing plaintiff's beneficial interest in the Trust*. ROBERT and RUSSAKOW, GREENE have willfully violated the automatic stay provisions of 11 U.S.C. §§ 362(a)(1) and (a)(6) *and* conditional order granting relief from stay by pursuing the *bond motion*, *judgment against debtor*, *first bond order*, *amended bond order*, *probate claim*, *probate trial claim*, *contract claim*, and *judgment diminishing plaintiff's beneficial interest in the Trust*.

44. As a direct and proximate result of ROBERT'S and RUSSAKOW, GREENE'S willful violations of the automatic stay provisions of 11 U.S.C. §§ 362(a)(1) and (a)(6) *and* conditional order granting relief from stay, plaintiff has suffered actual damages, including attorney fees and costs incurred, of more than $87,500.00.

WHEREFORE, plaintiff prays for a judgment against ROBERT and RUSSAKOW, GREENE, jointly and severally, that:

**(1)** finds that ROBERT V. KVASSAY, TRUSTEE OF THE KVASSAY FAMILY TRUST DATED FEBRUARY 26, 1993 ("ROBERT"), and the law firm of RUSSAKOW, GREENE & TAN LLP ("RUSSAKOW, GREENE") willfully violated the automatic stay provisions of 11 U.S.C. §§ 362 (a)(1) and (a)(6) (hereafter referred to singularly as the "stay");

**(2)** nullifies and voids all judicial actions taken in violation of the stay, including all state

court judicial proceedings commenced or continued, all state court orders or judgments entered, and all state court orders and judgments enforced and executed in violation of the stay;

**(3)** awards plaintiff actual damages, including costs and attorneys' fees, pursuant to 11 U.S.C. § 362(k)(1), in an amount according to proof;

**(4)** orders ROBERT and RUSSAKOW, GREENE to turnover to the clerk $192,660.00 of the appeal bond they misappropriated from the clerk of the Los Angeles County Superior Court on January 29, 2013, with pre- and post-judgment interest thereon calculated from January 29, 2013, pursuant to 28 U.S.C. § 1961; and

**(5)** orders such other and further relief as the Court may deem just and proper.

DATED: August 20, 2013

[signature]

TROY A. STEWART, Attorney for
Debtor and Plaintiff, PETER EMANUEL KVASSAY