FILED

JUN 15 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: PETER EMANUEL KVASSAY,<br><br>Debtor, | No. 14-56410<br><br>D.C. No. 2:13-cv-08380-ODW |
| PETER EMANUEL KVASSAY,<br><br>Appellant,<br><br>v.<br><br>ROBERT KVASSAY, Trustee of the Kvassay Family Trust Dated February 26, 1993; RUSSAKOW, GREENE AND TAN, LLP,<br><br>Appellees. | MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Submitted June 10, 2016**
Pasadena, California

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: GOULD and HURWITZ, Circuit Judges, and RESTANI,*** Judge.

Appellant Peter Kvassay (Peter) appeals the district court's decision affirming the bankruptcy court's dismissal of Peter's adversary proceeding against Robert Kvassay as trustee of the Kvassay Family Trust (Robert). We have jurisdiction under 28 U.S.C. § 158(d)(1).

Peter's contentions on appeal arise from his Chapter 7 bankruptcy filing and the accompanying automatic stay. *See* 11 U.S.C. § 362(a) (providing for an immediate automatic stay on the debtor's assets upon a bankruptcy filing). "We review *de novo* the district court's decisions on an appeal from a bankruptcy court." *In re Blendheim*, 803 F.3d 477, 489 (9th Cir. 2015). We also review de novo a bankruptcy court's decision to dismiss an action for failure to state a claim. *Barrientos v. Wells Fargo Bank, N.A.*, 633 F.3d 1186, 1188 (9th Cir. 2011).

Before Peter filed for bankruptcy, Robert brought a state court probate action seeking to evict Peter from the family trust's real property and to offset Peter's distributive share in the trust. The probate court issued an order evicting Peter from the property, and a third party posted a $216,000 cash deposit as an appeal bond. When a California appellate court affirmed the eviction, Robert

*** The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

v-08380-DSW Document 29 Filed 06/15/16 Page 3 of 5 Page ID #469

moved for release of the appeal bond funds. On the morning that the probate court was scheduled to hold an evidentiary hearing on Robert's motion, Peter filed for bankruptcy. Though all parties and the probate court knew about Peter's bankruptcy, the hearing went ahead as planned, but the probate court explained that it would not reach its decision until Robert obtained relief from the automatic stay.

The bankruptcy court subsequently granted that relief, terminating the automatic stay with respect to the probate court proceedings and annulling the stay retroactively to the filing date of Peter's bankruptcy petition. This relief, however, had two conditions: (1) that Robert "is to join the bankruptcy trustee as the real party in interest" in the probate court proceedings, and (2) that Robert would not try to enforce any state court judgment without first obtaining bankruptcy court approval. Robert duly went back to probate court, moved to join the bankruptcy trustee as a party, and filed the trustee's declaration. But before granting the joinder motion, the probate court issued a judgment in favor of Robert, ordering that appeal bond funds be released in the amount of $192,660.

After receiving his bankruptcy discharge, Peter brought the current adversary proceeding. The complaint alleges that Robert violated the automatic stay under 11 U.S.C. § 362(k)(1) by: (1) participating in the probate court's evidentiary hearing, despite his knowledge of the Chapter 7 bankruptcy filing; and

(2) proceeding against Peter in probate court, without first complying with all conditions in the bankruptcy court's relief from stay order. The bankruptcy court dismissed the complaint under Federal Rule of Civil Procedure 12(b)(6), holding that Robert abided by its order's conditions and had not violated the automatic stay. The district court agreed, and we affirm.

Though a bankruptcy court's automatic stay "sweeps broadly," *In re Gruntz*, 202 F.3d 1074, 1081 (9th Cir. 2000) (en banc), bankruptcy judges can order relief from it, including "terminating, annulling, modifying, or conditioning" the stay, 11 U.S.C. § 362(d), and that relief may be applied retroactively, *see In re Nat'l Envtl. Waste Corp.*, 129 F.3d 1052, 1054 (9th Cir. 1997). Retroactive relief can validate acts that otherwise would violate the automatic stay. *In re Kissinger*, 72 F.3d 107, 108–09 (9th Cir. 1995). Here, the bankruptcy court annulled the automatic stay retroactively to the filing date of Peter's bankruptcy petition. Thus, the question whether Robert's participation in the probate court's evidentiary hearing was a violation of the automatic stay is irrelevant. The bankruptcy court's retroactive annulment validated Robert's previous actions. *See id.*

Robert also did not violate the automatic stay by proceeding in probate court before the probate court ruled on the motion to join the bankruptcy trustee as a party. The plain text of the bankruptcy court's order granting relief from the stay

recites explicitly that "the stay of 11 U.S.C. § 362(a) *is*" terminated and annulled retroactively, not that it will be terminated and annulled once the two conditions have been fulfilled. Moreover, we give deference to the bankruptcy court's interpretation of its own orders and will not overturn an interpretation unless we are convinced that it amounts to an abuse of discretion. *See Rogers v. Alaska S.S., Co.*, 290 F.2d 116, 123 (9th Cir. 1961); *In re Wallace*, 490 B.R. 898, 906 (B.A.P. 9th Cir. 2013). Here, the bankruptcy court considered its own order and explained that the relief was immediate and that Robert had followed the bankruptcy court's conditions by moving to join the trustee. Given the plain meaning of the order's text, the bankruptcy court did not abuse its discretion in its interpretation. *See Rogers*, 290 F.2d at 123.

**AFFIRMED**.